# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SANCHEZ,<br><br>                 Plaintiff,<br><br>vs.<br><br>U.S. BANCORP, a Delaware Corporation, also known as U.S. Bank National Association; WMC MORTGAGE CORP., a California Corporation; ALL THOSE CLAIMING INTEREST LEGAL OR EQUITABLE IN REAL PROPERTY COMMONLY KNOWN AS 3721 HERMAN AVENUE, SAN DIEGO, CA; and DOES 1-20, inclusive,<br><br>                 Defendants. | CASE NO. 09-CV-00718-IEG (JMA)<br><br>**ORDER**:<br><br>**(1) GRANTING DEFENDANT U.S. BANCORP'S MOTION TO DISMISS THE COMPLAINT (Doc. No. 3);**<br><br>**(2) GRANTING DEFENDANT WMC MORTGAGE CORP.'S MOTION TO DISMISS THE COMPLAINT (Doc. No. 5); and**<br><br>**(3) DENYING AS MOOT DEFENDANT WMC MORTGAGE CORP.'S MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 6)** |

Presently before the Court are Defendants U.S. Bancorp's ("U.S. Bank") and WMC Mortgage Corp.'s ("WMC") motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. Nos. 3 and 5.) WMC has alternatively moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e).[1] (Doc. No. 6.) Plaintiff has not filed an opposition to any of the motions. The Court finds the

---

[1] As the Court's dismissal of the entire complaint is dispositive, WMC's motion for definite statement is denied as moot.

motions appropriate for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

## BACKGROUND

On February 8, 2006, Plaintiff Anthony Sanchez ("Sanchez") allegedly entered an agreement to purchase for $600,000 the property located at 3721 Herman Street in San Diego, California (the "Property"). Plaintiff financed this purchase through a loan from WMC, which he apparently obtained on May 8, 2006. (Compl. ¶ 13.)[2] The loan was secured by a deed of trust on the Property. Beyond these bare factual allegations, what happened next is unclear. Based on scattered allegations in the complaint, it appears Plaintiff defaulted on his loan, contacted Defendants in an attempt to modify the terms of the loan, and Defendants refused to agree to his proposed modification.

Plaintiff filed a complaint against Defendants alleging: (1) breach of contract as to WMC; (2) breach of covenant of good faith and fair dealing as to all defendants; (3) fraud as to WMC; (4) violation of Cal. Civ. Code § 2923.6 as to all defendants; (5) violation of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1611 as to all defendants; (6) violation of the Fair Debt Collection Practices Act ("FDCPA," 15 U.S.C. §1692 *et seq.*) and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA," Cal. Civ. Code § 1788 *et seq.*") as to all defendants; (7) quiet title as to all defendants; and (8) declaratory relief as to all defendants. U.S. Bank and WMC now seek to dismiss all claims Plaintiff has brought against them.

## DISCUSSION

I.   Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). A complaint survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544, 570 (2007). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th

---

[2] The complaint merely states Plaintiff and WMC entered a "contract" on May 8, 2006.

1  Cir. 2005). Notwithstanding this deference, the court need not accept "legal conclusions" as true.
2  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). Moreover, it is improper for a court to
3  assume "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of
4  Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Accordingly, a reviewing
5  court may begin "by identifying pleadings that, because they are no more than conclusions, are not
6  entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950.

7  However, "[w]hen there are well-pleaded factual allegations, a court should assume their
8  veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A claim
9  has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the
10 reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing
11 Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but
12 it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a
13 complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line
14 between possibility and plausibility of entitlement to relief.' " Id. (citing Twombly, 550 U.S. at 557).

15 II.  Breach of Contract (Against WMC)

16 Plaintiff alleges WMC breached "a contract" (presumably the loan agreement), which he
17 entered into on May 8, 2006. Plaintiffs allege misconduct by WMC as follows:

> On information and belief Plaintiff alleges that Defendant herein breached said contract in that it included unlawful terms in said contract in that it contained an unlawful rate. [¶] Plaintiff is further informed and believes and thereupon alleges that Defendant and[/]or its agents and assignees by its actions an[d] conduct described herein have breached the agreement by, among other things refusing to accept payment when tendered and attempting to induce Plaintiff to vacate the premises.

(Compl., ¶¶ 15-16.) Plaintiff's allegations do not even rise to the level of "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). Plaintiff has not indicated which terms of the agreement were "unlawful," the amount of the rate, why the rate was "unlawful," or how WMC breached the contract through the unspecified terms and rate. Furthermore, Plaintiff does not specify which term(s) of the agreement WMC breached by "refusing to accept payment when tendered and attempting to induce Plaintiff to vacate the premises." (Compl., ¶ 16.) Although the Court must assume Plaintiff can prove the facts he alleges in his complaint, it may

1  not assume that WMC has violated the law in ways that have not been alleged. <u>Associated Gen.
2  Contractors</u>, 459 U.S. at 526. Accordingly, Plaintiff's breach of contract claim is dismissed.

III.   <u>Breach of Covenant of Good Faith and Fair Dealing (Against All Defendants)</u>

A.   <u>U.S. Bank</u>

Plaintiff has alleged a breach of the covenant of good faith and fair dealing against all defendants. As to U.S. Bank, Plaintiff's claim fails because he has not alleged U.S. Bank is even a *party* to a contract with him. The prerequisite for any action for breach of the covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, because the covenant is an implied term of the contract. <u>Smith v. City & County of San Francisco</u>, 225 Cal. App. 3d 38, 49 (Cal. Ct. App. 1990) ("Without a contractual relationship, appellants cannot state a cause of action for breach of the implied covenant.") Throughout the complaint, Plaintiff only alleges he entered a contract with WMC. See Compl., ¶¶ 8, 11, and 13. The Court therefore dismisses Plaintiff's claim against U.S. Bank for breach of the covenant of good faith and fair dealing.

B.   <u>WMC</u>

Plaintiff alleges WMC breached the covenant of good faith and fair dealing because the loan agreement "contained an unconscionable rate designed to induce Plaintiff to enter into the loan so that he would fail in his payments." This claim fails because even if WMC did intend to induce Plaintiff to fail in his payments, "the implied covenant [of good faith and fair dealing] is a supplement to an existing contract, and thus it does not require parties to negotiate in good faith prior to any agreement." <u>McClain v. Octagon Plaza</u>, LLC, 159 Cal. App. 4th 784, 799 (Cal. Ct. App. 2008). Moreover, Plaintiff bases his claim on the alleged unfairness of an express term of a contract: the loan's interest rate. The Court will not imply a covenant against such an express term. See <u>Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.</u>, 2 Cal. 4th 342, 374 (Cal. 1992) ("We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement. On the contrary, as a general matter, implied terms should never be read to vary express terms.")

Plaintiff also alleges WMC has breached the implied covenant of good faith and fair dealing because despite his attempts to "'work out' a plan for the mortgage," WMC has failed to negotiate a

1  repayment plan with him in "good conscience," notwithstanding the decrease in the property's value.
2  (Compl., ¶¶ 19-21.)  This allegation is also insufficient to support a claim for breach of the covenant
3  of good faith and fair dealing.  Generally, "[e]very contract imposes upon each party a duty of good
4  faith and fair dealing in its performance and its enforcement."  <u>Carma Developers</u>, 2 Cal. 4th at 371
5  (citation omitted).  However, here the complaint contains no factual allegations regarding the loan
6  agreement to support a plausible legal theory that WMC was required to modify Plaintiff's repayment
7  plan under the implied covenant of good faith and fair dealing.  In fact, as a matter of law, the implied
8  covenant of good faith and fair dealing "does not impose any affirmative duty of moderation in the
9  enforcement of legal rights."  <u>Price v. Wells Fargo Bank</u>, 213 Cal. App. 3d 465, 479 (Cal. Ct. App.
10 1989).  Accordingly, Plaintiff's claim against WMC for breach of the implied covenant of good faith
11 and fair dealing is dismissed in its entirety.

12 IV.  <u>Fraud (Against WMC)</u>

13     Plaintiff's third cause of action alleges common law fraud against WMC.  Here, Plaintiff has
14 done nothing more than allege in a conclusory manner that WMC committed fraud by, *inter alia*,
15 "repeatedly t[elling] him that this mortgage would work for him [and] that he could acquire his home."
16 (Compl., ¶ 25.)  WMC correctly argues Plaintiff has failed to allege fraud with the particularity
17 required by Fed. R. Civ. P. 9(b).  Fed. R. Civ. P. 9 provides, "In alleging fraud or mistake, a party
18 must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b)
19 (2009).  In the Ninth Circuit, this rule "has been interpreted to mean the pleader must state the time,
20 place and specific content of the false representations as well as the identities of the parties to the
21 misrepresentation."  <u>Miscellaneous Service Workers, etc. v. Philco-Ford Corp., WDL Div.</u>, 661 F.2d
22 776, 782 (9th Cir. 1981).  Plaintiff's fraud cause of action does not state the specific content of the
23 alleged  misrepresentations, does not indicate who made these misrepresentations to him, and does
24 not provide any other details about the circumstances of the alleged misrepresentations.  The Court
25 accordingly finds the claim fails to comply with the specificity requirement of Rule 9(b), and
26 dismisses Plaintiff's fraud cause of action against WMC.

27 V.  <u>Violation of Cal. Civ. Code § 2923.6 (Against All Defendants)</u>

28     Plaintiff also alleges both U.S. Bank and WMC violated Cal. Civ. Code § 2923.6.  Section

2923.6 provides, in relevant part:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:
>
>  (1) The loan is in payment default, or payment default is reasonably foreseeable.
>
>  (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
>
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

Cal. Civ. Code § 2923.6 (2009). Plaintiff alleges he has "attempted to negotiate with Defendants and each of them through their agents to obtain a 'work out' plan for the mortgage," and that Defendants "have wilfully failed to and refused to work with him in good conscience." (Compl. ¶¶ 20-21.) This refusal, according to Plaintiff constitutes a violation of § 2923.6 because the section "mandates all mortgage holders doing business in California to negotiate loan modifications in good faith when the property securing said mortgage is in default or about to become in default." (Compl. ¶ 33.)

Section 2923.6 is recently-enacted, and there is scarce authority interpreting the statute. However, similar to other district courts that have faced the issue, the Court finds § 2923.6 does not provide a cause of action for Plaintiff. Section (a) applies to loan servicers and parties in a loan pool, and Plaintiff has not alleged he is either type of entity. Moreover, the permissive language in Section (b) does not impose any duty on Defendants. See Nool v. Homeq Servicing, 2009 U.S. Dist. LEXIS 80640, at * 8 (E.D. Cal. Sept. 3, 2009) ("[T]he language of section (b) belies the imposition of any duty to engage in loan modification discussions, as the provision merely expresses legislative "intent" that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification if doing so is consistent with its authority."). Accord Pantoja v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 70856, at *22 (N.D. Cal. July 9, 2009) ("The Court finds that the wording in Section (b) does not impose any duty on Defendants. Since Defendants do not owe Plaintiff a statutory duty under this section, Plaintiff has no cause of action."); Farner v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 5303, at *4-5 (S.D. Cal. Jan. 26, 2009) ("[N]othing in Cal. Civ. Code § 2923.6 imposes

1  a duty on servicers of loans to modify the terms of loans or creates a private right of action for
2  borrowers."). Accordingly, Plaintiff's § 2923.6 claim against U.S. Bank[3] and WMC is dismissed.

### VI. TILA Violations

Plaintiff's fifth cause of action, which he brings against both defendants, is for violation of TILA. Plaintiff alleges in a conclusory manner that Defendants "have refused . . . to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees," "have improperly retained funds belonging to Plaintiff in amounts to be determined," and have failed to "disclose the states of the ownership of said loans." (Compl. ¶ 39.) Accordingly, Plaintiff seeks damages and rescission of the loan under TILA. However, the complaint fails to allege (1) which provisions of TILA Defendants violated; (2) which Defendants violated those provisions; and (3) factual allegations sufficient to support any alleged TILA violations at the pleading stage. The Court accordingly finds the fifth cause of action does not give Defendants fair notice of the actions they allegedly undertook to violate TILA. Furthermore, as noted *supra*, it is improper for the Court to assume "[Plaintiff] can prove facts that [he] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors, 459 U.S. at 526. Plaintiff's claims for TILA violations are accordingly dismissed.

### VII. FDCPA and RFDCPA Claims

Plaintiff's sixth cause of action against WMC and U.S. Bank is for relief under the FDCPA and the RFDCPA. "The [FDCPA] prohibits debt collector[s] from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995). California's RFDCPA incorporates the majority of the federal FDCPA. See Cal. Civ. Code § 1788.17 (2009).

To be liable for a violation of the FDCPA or the RFDCPA, a defendant must, as a threshold matter, be a "debt collector" within the meaning of those acts. Heintz, 514 U.S. at 294; Cal. Civ. Code § 1788.2(c). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of

---

[3] U.S. Bank has also raised the argument that Plaintiff's § 2923.6 claim is preempted by federal law. The Court does not reach this argument because Plaintiff's lack of a § 2923.6 cause of action is dispositive.

1  any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due
2  or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (2009). Under the RFDCPA, "[t]he term
3  'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of
4  himself or herself or others, engages in debt collection. The term includes any person who composes
5  and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to
6  be used for debt collection[.]" Cal. Civ. Code § 1788.2(c) (2009).

7  Here, although the complaint alleges in a conclusory manner that Defendants are "debt
8  collectors" under both acts, the complaint's sparse facts do not support this allegation. First, the
9  complaint is completely devoid of any facts regarding U.S. Bank's business practices, as a debt
10 collector or otherwise. Second, with respect to WMC, the complaint merely alleges WMC lent
11 Plaintiff money to finance his purchase of the Property and "is in the business of making and servicing
12 loans throughout the state of California." (Compl. ¶¶ 3,8.) However, under the FDCPA a "debt
13 collector" does not include persons who collect debt "to the extent such activity … (ii) concerns a debt
14 which was originated by such person; [or] (iii) concerns a debt which was not in default at the time
15 it was obtained by such person…." 15 U.S.C. § 1692a(6)(F) (2009). See also Perry v. Stewart Title
16 Co., 756 F. 2d 1197, 1208 (5th Cir. 1985) (holding the FDCPA's definition of debt collector "does not
17 include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as
18 the debt was not in default at the time it was assigned.") Plaintiff's factual allegations regarding WMC
19 do not support its contention that WMC is a "debt collector" under the FDCPA.

20 Moreover, although the RFDCPA regulates collection agencies and original creditors
21 attempting to collect debts on behalf of another or on their own behalf, Plaintiff provides no facts to
22 plausibly support the contention that WMC, "in the ordinary course of business, regularly, on behalf
23 of himself or herself or others, engages in debt collection" for purposes of the RFDCPA. Plaintiff's
24 conclusory labeling of WMC as a "debt collector," without further substantiation, fails to state a claim
25 under the RFDCPA. See Twombly, 550 U.S. 544 at 555 ("a plaintiff's obligation to provide the
26 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
27 recitation of the elements of a cause of action will not do.") (citation omitted). Plaintiff's sixth cause
28 of action against U.S. Bank and WMC is therefore dismissed.

VIII. Quiet Title

Plaintiff brings a quiet title claim against both defendants. The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." Newman v. Cornelius, 3 Cal.App.3d 279, 284 (Cal. Ct. App. 1970) (citation omitted). California Code of Civil Procedure Section 761.020 provides that a complaint for quiet title "shall be verified" and shall include the following:

> (a) A description of the property that is the subject of the action. . . . In the case of real property, the description shall include both its legal description and its street address or common designation, if any.
>
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. . . .
>
> (c) The adverse claims to the title of the plaintiff against which a determination is sought.
>
> (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.
>
> (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Cal. Civ. Proc. Code § 761.020 (2009). Defendants both argue Plaintiff's claim fails because he has not alleged his ability to tender the amount of his indebtedness.

In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed. Arnold Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (Cal. Ct. App. 1984); see also Connors v. Home Loan Corp., 2009 U.S. Dist. LEXIS 48638, at *20 (S.D. Cal. May 9, 2009) (citing Eischen, 158 Cal. App. 3d at 578). Here, Plaintiff's complaint does not allege he tendered the amount of the loan obligation, or that he has the ability to do so. Moreover, the complaint is not verified, does not identify the date(s) as of which Plaintiff seeks the determination of title, or clearly articulate a prayer from the determination of Plaintiff's title against the adverse claims, as § 761.020 requires. Plaintiff's quiet title claim is accordingly dismissed.

IX  Declaratory Relief

Plaintiff's final cause of action is for declaratory relief as to all defendants, alleging that a dispute has arisen between him and Defendants "as to the duties and obligations of the respective

1  parties with regard to the loan and/or foreclosure[,]" and that this dispute "concern[s] but [is] not
2  necessarily limited to the ownership and/or right of foreclosure."  (Compl. ¶¶ 59-60.)

3  "Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in
4  clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from
5  the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d
6  1371, 1376 (9th Cir. 1986).  While "[t]he existence of another adequate remedy does not preclude a
7  declaratory judgment that is otherwise appropriate," Fed. R. Civ. P. 57 (2009), "[t]he availability of
8  other adequate remedies may make declaratory relief 'inappropriate,'" StreamCast Networks, Inc. v.
9  IBIS LLC, 2006 U.S. Dist. LEXIS 97607, at *10 (C.D. Cal. May 1, 2006).  Moreover, a federal court
10 may decline to address a claim for declaratory relief "[w]here the substantive suit would resolve the
11 issues raised by the declaratory judgment action, … because the controversy has 'ripened' and the
12 uncertainty and anticipation of litigation are alleviated." Tina v. Countrywide Home Loans, Inc., 2008
13 U.S. Dist. LEXIS 88302, at *6 (S.D. Cal. Oct. 30, 2008) (citing Tempco Elec. Heater Corp. v. Omega
14 Eng'g, Inc., 819 F.2d 746, 749 (7th Cir. 1987)).

15 Here, the complaint does not suggest that a declaratory judgment would entitle Plaintiff to any
16 relief beyond the relief requested pursuant to his substantive claims or that a declaratory judgment
17 would resolve any uncertainties aside from those already addressed by the substantive claims.  As
18 such, Plaintiff's declaratory relief claim is dismissed.

## CONCLUSION

20 For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss the complaint,
21 DENIES AS MOOT WMC's motion for more definite statement, and DISMISSES the complaint in
22 its entirety, WITHOUT PREJUDICE.  Plaintiff may file a first amended complaint curing the
23 deficiencies described herein no later than **October 26, 2009**.
24 **IT IS SO ORDERED.**

26 **DATED:  September 25, 2009**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**